FILED
United States Court of Appeals
Tenth Circuit

November 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES CARL FITZPATRICK, JR.,

    Defendant - Appellant.

No. 15-5026
(D.C. No. 4:13-CR-00142-JED-1)
(N. D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Mr. James Fitzpatrick, Jr. pleaded guilty to possession of a firearm and ammunition after a felony conviction. The sentence included a three-year term of supervised release.

The government sought revocation of supervised release, and Mr. Fitzpatrick stipulated that he had violated the conditions by (1) committing a

_____

[*]    The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

crime, (2) drinking to excess, (3) driving under the influence of alcohol, (4) using PCP, cocaine, and marijuana, and (5) leaving his residence without permission from the probation department. The district court revoked the term of supervised release and imposed a new sentence of 11 months in custody and 25 months of supervised release. Mr. Fitzpatrick appeals.

His counsel filed a brief invoking *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw based on the absence of any arguably meritorious appeal points. We conclude that the only grounds for appeal would be frivolous. Thus, we grant defense counsel's motion to withdraw and dismiss the appeal.

## I.    The Nature of Our Inquiry

Under *Anders*, attorneys can seek leave to withdraw from an appeal when they conscientiously examine a case and determine that an appeal would be frivolous. *Anders*, 386 U.S. at 744. To obtain leave to withdraw, an attorney must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (internal citations omitted).

Defense counsel filed a brief, and Mr. Fitzpatrick bypassed the opportunity to file his own brief. In these circumstances, we base our decision on (1) the brief filed by defense counsel, and (2) the record on appeal.

## II.    Consideration of Possible Appeal Points

Nothing in defense counsel's brief or the record suggests an error in the guideline calculation, and the sentence fell within the guideline range. As a result, the sentence is presumptively reasonable in length. *See United States v. Trent*, 767 F.3d 1046, 1051 (10th Cir. 2014), *cert. denied*, __ U.S. __, 135 S. Ct. 1447 (2015). This presumption is rebuttable, but Mr. Fitzpatrick bears the burden of showing that the sentence is unreasonable under the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Kristl,* 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam). He has not filed anything to satisfy that burden.

## III.    Conclusion

In the absence of any arguably meritorious appeal points, we grant defense counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3